ACCEPTED
06-15-00002-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/5/2015 3:42:45 PM
DEBBIE AUTREY
CLERK

NO. 06-15-00002-CR

IN THE TEXAS

COURT OF APPEALS

FOR THE

SIXTH APPELLATE DISTRICT OF TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

8/5/2015 3:42:45 PM

DEBBIE AUTREY
Clerk

## BRADLEY LEROY THOMPSON

**Appellant,**

**v.**

## THE STATE OF TEXAS

**Appellee**

**Appealed from the 115th District Court of
Upshur County, Texas
Trial Cause No. 16,737**

## APPELLEE'S REPLY

Natalie A. Miller
State Bar No. 24079007
405 N. Titus
Gilmer, TX 75644
Telephone:  903-843-5513
Fax:  903-843-3661

ATTORNEY FOR APPELLEE
STATE OF TEXAS

**ORAL ARGUMENT IS NOT REQUESTED.**

# IDENTITY OF PARTIES AND COUNSEL

Appellee certifies that the following is a complete list of all parties to the trial court's judgment and the names and addresses of their trial and appellate counsel.

Presiding Judge:                The Honorable Lauren Parish
                                District Judge
                                115th Judicial District
                                Gilmer, Texas 75644

Appellant:                      Bradley Leroy Thompson, Appellant
                                TDC #1971513
                                Daniel Unit
                                938 South FM 1673
                                Synder, TX 75884

Appellant's Attorney:           Barry Clark Wallace
(at Trial)                      P.O. Box 1408
                                Gladewater, TX 75647-1408

Appellant's Counsel:            Barry Clark Wallace
(on Appeal)                     Attorney at Law
                                P.O. Box 1408
                                Gladewater, TX 75647-1408

Attorney for the State (at the plea):   Billy W. Byrd
                                        Criminal District Attorney
                                        405 N. Titus Street
                                        Gilmer, TX 75644

Attorney for the State:         Natalie A. Miller
(on Appeal)                     Assistant Criminal District Attorney
                                Upshur County
                                405 N. Titus Street
                                Gilmer, TX 75644

# TABLE OF CONTENTS

Identity of Parties and Counsel.................................................................................ii

Table of Contents....................................................................................................iii

Index of Authorities................................................................................................iv

Statement of the Case ............................................................................................. 1

Issue Presented ....................................................................................................... 1

POINT OF ERROR NUMBER ONE: The trial court erred in denying Appellant's Motion to Suppress ……………………………………………………………..1-2

Statement of Facts .................................................................................................. 1

Summary of the Argument ..................................................................................... 3

Argument

I.      Based Upon Officer Testimony, the Trial Court had Discretion to Deny Appellant's Motion to Suppress...……………………………………………………4

Conclusion .............................................................................................................. 7

Prayer...................................................................................................................... 7

Certificate of Service ............................................................................................. 8

Certificate of Compliance……………..……………………………………………..8

# INDEX OF AUTHORITIES

**Supreme Court Cases**
Rodriguez v. U.S., 575 U. S. ___, 135 S. Ct. 1609 (2015) .................................................. 7


**U.S. Constitution**
Amend. IV .................................................................................................................... 4


Amend. XIV .................................................................................................................. 4

**Texas Cases**
*Ford v. State*, 158 S.W.3d 488 (Tex. Crim. App. 2005) .................................................. 5,6

*Gonzalez v. State*, 195 S.W.3d 114 (Tex. Crim. App. 2006) ............................................. 4

*Ivie v. State*, 407 S.W.3d 305, 310 (Tex. App.—Eastland 2013, pet ref'd)……………….5

*Kothe v. State*, 152 S.W.3d 54 (Tex. Crim. App. 2004)..................................................... 5

*Love v. State*, 252 S.W.3d 684 (Tex. App.—Texarkana, 2008, pet. ref'd) ..................... 4, 5

**Texas Statutes**

Tex. Trans. Code
§547.322 ...................................................................................................................... 5

## STATEMENT OF THE CASE

The State does not object to the Appellant's statement of the case.

## ISSUES PRESENTED

Appellant raises the following point as an issue in his brief:

1. The trial court erred in denying Appellant's Motion to Suppress.

## STATEMENT OF FACTS

The State is generally satisfied with the Appellant's statement of facts, but makes the following additions. On December 30, 2013, Deputy David Thompson (hereinafter Deputy Thompson) pulled over Dale Dewayne Fisher[1] and his passenger Bradley Leroy Thompson (hereinafter the Appellant). Deputy Thompson testified that on the night of December 30, 2013, he was patrolling Highway 259 in Upshur County, Texas due to the fact that an armed robbery had happened a few nights before in that area. 2 R.R. 10. Deputy Thompson, while on patrol, noticed that Fisher's license plate was not illuminated, and signaled for Fisher to pull over for the traffic violation. 2 R.R. 11-12. However, while Deputy Thompson testified that his lights were illuminated, Fisher was slow to pull his vehicle over. In fact, Fisher passed several opportune and well-lit places to pull his vehicle over at such as a school, convenience store and a gas station. 2 R.R.

---

[1] On July 7, 2015, attorney for the State, Natalie Miller, filed Appellee's Reply Brief, NO. 06-14-00223-CR, in the Court of Appeals for the Sixth District, styled Dale Dewanye Fisher v. the State of Texas. Because the point of error for both Fisher and the Appellant is identical—the two Appellants were co-defendants—the reasoning contained within the instant brief is nearly verbatim to the reasoning of Appellee's Reply Brief filed on July 7, 2015.

1

15-17. Finally, Fisher stopped the vehicle in what Deputy Thompson described as a "dark" area. 2 R.R. 17. Deputy Thompson then made contact with Fisher, and asked for Fisher's driver's license. Fisher did not have his license readily available, but asked if he could get out of his vehicle and look for his license in his clothing. 2 R.R. 19-20. While Fisher looked for his license, the passenger and Appellant in this case—Bradley Leroy Thompson—gave his identification card to Deputy Thompson. Ultimately, Fisher could not produce his license for Deputy Thompson, and verbally identified himself through name and date of birth. 2 R.R. 23. Deputy Thompson then ran the identification of Appellant and Fisher through TLETs. Deputy Thompson testified that both Fisher and Appellant were "clear" [of outstanding warrants] but both "had a lengthy history of narcotics and other offenses." 2 R.R. 23. Next, Deputy Thompson testified about the cold and windy weather the night he stopped Fisher. 2 R.R. 24. Deputy Thompson indicated that after he ran Fisher's and Appellant's identification, he returned to Fisher's vehicle, had Fisher exit the vehicle and Fisher began sweating heavily despite the wintery weather. 2 R.R. 26. Deputy Thompson described Fisher as "drenching with water" and found this behavior suspicious. 2 R.R. 27. Deputy Thompson then began asking where Fisher and Appellant were traveling from, what time they had left, and where they were going. Deputy Thompson testified that while speaking with Fisher, he noticed an odor of marijuana. 2 R.R. 29. Deputy Thompson indicated that when he first made contact with Fisher he did not smell marijuana, because the encounter was brief. It was not until he asked Fisher to step out of the car after he had run Fisher's identification that Deputy

2

Thompson noticed Fisher begin to sweat profusely in the cold temperatures and smelled of marijuana. Deputy Thompson then asked Fisher if he had anything illegal in the vehicle and ultimately asked Fisher for consent to search. Prior to performing a K-9 free-air search, Deputy Thompson asked Appellant where they were coming from and when they had left. Appellant provided Deputy Thompson a different answer than the one provided by Fisher. 2 R.R. 31-32. Ultimately, Chiva, Deputy Thompson's drug dog alerted and narcotics were found in the vehicle—in the center console where both Appellant and Fisher had access to them. Notably, Deputy Thompson testified that at no time after he had run Fisher's and Appellant's identification had the traffic stop ended. *See* 2 R.R. 26; *see also* 2 R.R. 34-35.

## SUMMARY OF THE ARGUMENTS

### A. Point of Error One

During the traffic stop, reasonable suspicion arose to Deputy Thompson that the Appellant and Fisher had or were about to engage in criminal activity. The totality of the circumstances all created reasonable suspicion that warranted Appellant's prolonged detention by Deputy Thompson. For instance, the totality of (1) Fisher's delay and decision to pullover in a dark area coupled with the fact that (2) Appellant and Fisher were traveling at night on a known drug corridor in addition to (3) Fisher's inability to produce a valid driver's license or identification card as well as (4) Appellant's criminal history involving narcotics and finally (5) Deputy Thompson's further investigation of an unsolved armed robbery of the area all created enough reasonable suspicion to extend the

3

traffic stop.  For these reasons, the trial court had reason to deny Appellant's motion to suppress.

## ARGUMENT AND AUTHORITIES

I.      **Based Upon Officer Testimony, the Trial Court had Discretion to Deny Appellant's Motion to Suppress**

A.  **Standard of Review**

The trial court was well within its discretion to deny Appellant's motion to suppress.  Nevertheless, an appellate court reviews "the trial court's decision on a motion to suppress evidence by applying a bifurcated standard of reviewing deferring to the trial court's determination of historical facts that depend on credibility, but review de novo the trial court's application of the law."  *Love v. State*, 252 S.W.3d 684, 687 (Tex. App.—Texarkana, 2008, pet. ref'd).  Moreover, the trial court's ruling "will be upheld on appeal if it is correct on any theory of law that finds support in the record." *Id.; see also Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006).   Finally, the appellate court reviews "de novo determinations of probable cause after granting deference to the trial court's determination of historical facts." *Love*, 252 S.W.3d at 687.

B.  **Warrantless Searches & Seizure**

Applied to the States through the Fourteenth Amendment, "the Fourth Amendment protects against unreasonable searches and seizures."  U.S. Const. Amend IV; *see also id.*  Furthermore, "an investigative detention during the course of a traffic stop in which the subject is not free to leave is a seizure for purposes of the *Fourth Amendment*, and the appellate court must analyze the stop under the reasonableness

4

standard." *Love*, 252 S.W.3d at 687. When a court considers whether or not a detention was reasonable, "the general rule is that an investigative stop can last no longer than necessary to effect the purpose of the stop." *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004). Yet, on a traffic stop, an officer may investigate into the underlying reason for the stop as well as "a routine check of the driver's license and information." *Id.* at 65. During the stop, an officer "may reasonably demand identification, a valid driver's license, and proof of insurance from the driver, and check for outstanding warrants." *Id.* at 63-64.

Next, as applicable to the instant case, "to validly prolong a detention beyond the reason for the stop, officers must have reasonable suspicion to believe the person is violating the law, but no additional justification is necessary for a canine sniff that occurs during a lawful traffic stop." *Ivie v. State*, 407 S.W.3d 305, 310 (Tex. App.—Eastland 2013, pet ref'd). For example,

> reasonable suspicions exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. A reasonable-suspicion determination is made by considering the totality of the circumstances.

*Ford v. State*, 158 S.W.3d 488, at 492-93 (Tex. Crim. App. 2005).

Looking to the case at bar, Fisher's nonfunctioning license plate light was a violation of the Texas Transportation Code—an infraction he admitted had occurred. *See Texas Trans. Code* § 547.322. When Deputy Thompson pulled over Fisher for his

5

defective license plate light, he had probable cause to stop Fisher and the Appellant. However, after Deputy Thompson completed the stop pertaining to the traffic violation, he needed "reasonable suspicion"—in particular "articulable facts" combined with "rational inferences" that led Deputy Thompson to believe that Appellant "is, has been, or soon to be engaged in criminal activity." *See Ford*, 158 S.W.3 at 492-93.

Looking to the totality of the circumstances, Deputy Thompson had reasonable suspicion to extend Fisher's and Appellant's detention beyond the initial reason for the traffic violation. First, after Deputy Thompson activated his lights to pull over Fisher, Fisher was slow to pull the car over. In fact, Deputy Thompson testified during the motion to suppress hearing that Fisher passed a well-lit area and chose to pull his vehicle over in a dark place. *See* 2 R.R. 15-17. As well, Deputy Thompson indicated that when he pulled over Fisher and the Appellant, Deputy Thompson was also in the process of investigating an armed robbery that had happened a few days previously. Furthermore, Deputy Thompson indicated that Fisher and Appellant were pulled over on highway 259, a known drug thoroughfare among law enforcement. When Deputy Thompson finally made contact with Fisher, Fisher could not produce a valid driver's license and had to verbally identify himself by name and date of birth. Deputy Thompson's inquiry into Fisher and Appellant's identity revealed that they both had a criminal history involving narcotics, but no active warrants. Based upon these facts and circumstances collectively, Deputy Thompson had reasonable suspicion to believe that Appellant had, was, or was about to engage in criminal activity. Because Deputy Thompson had articulable

6

reasonable suspicion regarding potential further criminal activity by the Appellant, the prolonged detention involving the free-air search was warranted. *See Rodriquez v. U.S.*, 575 U. S. ___, 135 S. Ct. 1609, *1616 (2015). This testimony—contained within the record and heard by the trial court—supports the trial court's decision to deny Appellant's motion to suppress.

## CONCLUSION

The trial court had discretion to deny Appellant's motion to suppress. During Deputy Thompson's traffic stop involving the Appellant, Deputy Thompson developed enough reasonable suspicion that the Appellant had, was, or was about to commit a criminal offense. Thus, Deputy Thompson had reason to prolong the traffic stop and ultimately it was constitutional to allow the drug dog to run a free-air search that yielded contraband.

## PRAYER

Wherefore, premises considered, the State prays that Appellant's relief be denied and that the case be affirmed in all things.

Respectfully Submitted,
Upshur Co. Assistant District Attorney
Natalie A. Miller
405 N. Titus
Gilmer, TX 75644
Tel: (903) 843-5513
Fax: (903) 843-3661


BY: /s/ *Natalie A. Miller*
        Natalie A. Miller
        SBOT: 24079007

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing document has been delivered via facsimile to Barry Wallace, on this day, the 5th day of August, 2015.

/s/ *Natalie A. Miller*
Natalie A. Miller


## **CERTIFICATE OF COMPLAINCE**

Appellee's Reply Brief contains 2,248 words.

/s/ *Natalie A. Miller*
Natalie A. Miller